JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOLFIRE GAMES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALVE CORP., <br><br> Defendant. | Case No. Misc. 23-22 AB (MRWx) <br><br> **ORDER TRANSFERRING ACTION TO WESTERN DISTRICT OF WASHINGTON** <br><br> WDWA No. CV 2:21-563 JCC |

Pursuant to Federal Rule of Civil Procedure 45(f) and based on the consent of the parties, the Court transfers this subpoena quashal action to the Western District of Washington, the site of the underlying civil action in which the subpoena was issued.

\* \* \*

1.  The Washington action is a long-running antitrust action against a video game company. In connection with that civil case, the Defendant Valve served a Rule 45 subpoena on a third party, Nexon America, a video game creator that is headquartered in the Central

District of California. The subpoena required Nexon to produce records regarding its business operations and financial performance.

2. In February 2023, Nexon commenced this action in the Central District to quash the subpoena. (Docket # 1.) Magistrate Judge Wilner contacted District Judge Coughenour (presiding over the underlying Washington action) to inform him of the pending action in Los Angeles. Judge Wilner also set the matter for a preliminary status conference with the parties. (Docket # 5.)

3. At the parties' request, the Court put the status conference over to allow the lawyers to negotiate the terms of compliance with the subpoena. (Docket # 9, 13.) However, by mid-April, the matter was not resolved. As a result, Judge Wilner conducted a hearing regarding the matter on April 24.

4. At the April 24 hearing, Nexon and Valve consented to transfer this action to the Western District of Washington for Judge Coughenour's consideration. Fed. R. Civ. P. 45(f). Additionally, because Nexon is currently under a similar subpoena issued by another party in the Washington litigation, Nexon indicated that it may pursue a second quashal motion in that district in the near future.

\* \* \*

5. Rule 45 states that a motion to quash or to compel compliance with a subpoena to a non-party may be considered in "the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(ii). However, Rule 45(f) permits the transfer of such a motion "if the person subject to the subpoena consents."

6. In the present matter, both Nexon (the subpoenaed local party) and Valve (the subpoena-issuing party) consented in open court to transfer

the quashal action to Judge Coughenour in Seattle.  Given Judge Coughenour's familiarity with the action, the existence of a parallel subpoena to Nexon, and other ongoing discovery issues in the antitrust litigation, transfer of the Los Angeles action to Seattle is appropriate.

7. The Court therefore directs the Clerk to transfer this action to Judge Coughenour in the Western District of Washington for further proceedings pursuant to Rule 45(f).

IT IS SO ORDERED.

Dated: April 25, 2023          _____
                               HON. ANDRÉ BIROTTE JR.
                               UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE